UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Citation No. V0029288 |
| | : | |
| RICHARD R. IMONDI | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a petty offense citation charging Richard R. Imondi ("Defendant") with willful destruction, damage, or removal of Government property (a wheelchair) in violation of 38 C.F.R. § 1.218(b)(4). The citation was issued to Defendant by Veterans' Administration ("VA") Police Officer Scott Michael Segee on May 2, 2006. Defendant initially appeared before this Court on October 20, 2006 and, after being given notice of the charge and advised of his rights, plead not guilty to the violation and requested a trial. The trial was held on November 13, 2006. Officer Segee and Defendant appeared and testified under oath at the trial. The Government offered two exhibits which were admitted into evidence, absent any objection from Defendant. For the reasons discussed below, this Court finds that the Government has met its burden of proving Defendant's guilt as to the charge contained in Citation No. V0029288 beyond a reasonable doubt.

**Discussion**

Prior to the trial of this matter, the Government represented on the record that it was not seeking incarceration in this case, and this Court determined that it would not sentence Defendant to any term of incarceration if Defendant plead guilty or was convicted after trial. See United States

v. Downin, 884 F. Supp. 1474, 1478 (E.D. Cal. 1995) (no right to appointed counsel if Magistrate Judge makes "a pretrial determination...to exclude incarceration from the range of potential sentences"); and Lewis v. United States, 518 U.S. 322, 338 (1996) (Fed. R. Crim. P. 58 requires a pretrial determination as to whether incarceration is a potential penalty). Accordingly, this case involves a "petty offense" within the meaning of Fed. R. Crim. P. 58(a)(3) and the trial was conducted before a Magistrate Judge as authorized by, and in the manner provided in, Fed. R. Crim. P. 58.

Defendant is charged with "willful destruction, damage, or removal of Government property or any part thereof, without authorization...." 38 C.F.R. § 1.218(a)(3). The maximum penalty for this offense is a fine of $500.00 plus an additional $25.00 mandatory processing fee. 38 C.F.R. § 1.218(b)(4). The case involves the removal of a VA wheelchair (i.e., Government property) from VA facility without permission or authorization.[1]

This Court found Officer Segee's testimony at the trial to be fully credible. On the other hand, Defendant's testimony appeared intentionally vague and geared toward presenting a plausible defense without committing perjury. Officer Segee surveilled Defendant for a period of time shortly prior to and after his discharge from the VA Emergency Room. Officer Segee observed Defendant board a RIPTA bus with a VA wheelchair. Officer Segree testified that when it left the VA facility,

---

[1] The Government also argued that Defendant was guilty of destroying or damaging Government property by peeling stickers off of the side of the wheelchair. However, the statement of probable cause included on the citation does not address these charges and only addresses the issue of removal of the wheelchair from Government property. This statement of probable cause was read to Defendant at his initial appearance on October 20, 2006 in order to give him notice of the charge against him as required by Fed. R. Crim. P. 58(b)(2)(A). Although this Court will consider the evidence regarding Defendant's peeling off of the stickers regarding the willfulness element of the "removal" charge, Defendant has not been given sufficient notice of a "destruction" or "damage" charge to permit a finding thereon.

the wheelchair in question had visible stickers on both sides indicating "PROPERTY OF VA HOSPITAL. DO NOT REMOVE." See Gov't. Exs. 1 and 2. Officer Segee testified that when the RIPTA bus was stopped as it was departing from VA property, Defendant was found in the wheelchair and the stickers had been "80% peeled off." He testified that he later found the pieces of peeled sticker on the ground between the VA facility and the bus stop. See Gov't. Ex. 1. Officer Segee testified that Defendant did not have authority or permission to take the wheelchair out of the VA facility. Finally, he testified that, after the May 2, 2006 incident, Defendant admitted to taking other wheelchairs in the past and indicated that he removed the stickers so the bus driver "wouldn't question him."

In response, Defendant testified that he "thought" he was being given the wheelchair to take and use, and that it was a "misunderstanding" on his behalf. He did not, however, identify any statements made, or actions taken by any VA personnel that might reasonably lead him to that conclusion. In fact, he testified that there was "no statement made either way." The wheelchair in question was clearly marked "PROPERTY OF VA HOSPITAL. DO NOT REMOVE." Since Defendant's assumption about his permission to take the wheelchair was plainly contradicted by the notice on the stickers, he should have obtained express permission before taking the wheelchair.

Defendant offered no reasonable support for his belief that the wheelchair was being given to him, and such belief is contradicted by the clear notice on both sides of the wheelchair that it was not to be removed. Defendant's story is also undercut by the fact that he promptly peeled off and discarded most of the notice stickers on his way from the VA facility to the bus stop. If Defendant truly had permission to take the wheelchair with him, he should not have been concerned about being

questioned by the bus driver. Defendant's actions are consistent with an attempt to make an unauthorized and undetected removal of the wheelchair from VA property.

The Government has met its burden of proving the charged violation beyond a reasonable doubt. The Government requests a maximum fine of $500.00 because Defendant's behavior has been an "ongoing problem." Defendant did not argue for any reduced level of fine, but maintained his position that "he had no intent to steal" the wheelchair. Although the Government contended that Defendant has previously been confronted removing wheelchairs, it offered no specifics as to those instances and none have apparently been the subject of a citation. Thus, this Court will treat this case as a first offense and does not believe a maximum fine is warranted. This Court believes that a fine of $250.00, plus the mandatory processing fee of $25.00 is sufficient punishment for Defendant's behavior and an adequate deterrent to him and others, as the approximate cost of a standard wheelchair ranges from $250.00 to $300.00.

**Conclusion**

Based on the evidence presented, this Court finds Defendant guilty as charged of the petty offense of willfully removing Government property (i.e., a VA wheelchair) without authorization. 38 C.F.R. §§ 1.218(a)(3) and (b)(4). Defendant is ordered to pay a fine of $250.00 plus the $25.00 processing fee (a total of $275.00) on or before **January 31, 2007**. Such payment shall be made directly to the Central Violations Bureau. The Clerk is directed to send payment information to Defendant, along with a copy of this Order. Finally, pursuant to Fed. R. Crim. P. 58(c)(4), Defendant is hereby advised of his right to appeal this conviction and fine. For an appeal to be effective, it must be filed with the Clerk of this Court not later than ten (10) days from the date of

this Order, and a copy of the appeal must be served by mail upon the United States Attorney. See Local Rule (D.R.I.) Cr 57.2; Fed. R. Crim. P. 58(g)(2)(B).

So ordered.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 15, 2006